UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES,                                1:19-CR-86 JLS (MJR)

                                              REPORT, RECOMMENDATION
                                              AND ORDER

        v.

ANTHONY GERACE,

                          Defendant.
_____

        This case has been referred to the undersigned by the Hon. John L. Sinatra, Jr.

pursuant to 28 U.S.C. §636(b)(1) for all pre-trial matters and to hear and report upon

dispositive motions.  (Dkt. No. 9)

## BACKGROUND

        Anthony Gerace ("Gerace" or "defendant") is charged, in a Superseding Indictment

dated October 24, 2019, with the following offenses: (1) conspiracy to distribute

marijuana, THC, fentanyl, MDMA, cocaine, and oxycodone from in or before 2006 through

on or about January 28, 2019, in violation of Section 846 of Title 21 of the United States

Code; (2) maintaining a drug-involved premises at 2130 Kensington Avenue, Amherst,

New York, from in or about 2007 and continuing to in or about December 2018, in violation

of Section 856(a)(1) of Title 21 of the United States Code and Section 2 of Title 18 of the

United States Code; (3) maintaining a drug-involved premises at 9070 Michael Douglas

Drive, Clarence Center, New York, from in or about January 2019 and continuing to on

or about January 28, 2019; (4) possession of marijuana with intent to distribute on or

about January 28, 2019 in violation of Sections 841(a)(1) and 841(b)(1)(D) of Title 21 of

the United States Code and Section 2 of Title 18 of the United States Code; (5)

possession of THC with intent to distribute on or about January 28, 2019 in violation of Sections 841(a)(1) and 841(b)(1)(C) of Title 21 of the United States Code and Section 2 of Title 18 of the United States Code; (6) possession of anabolic steroids on or about January 28, 2019 in violation of Section 844(a) of Title 21 of the United States Code; (7) possession of firearms in furtherance of drug trafficking from in or about October 2014 through on or about January 28, 2019 in violation of Sections 924(c)(1)(A)(i) and 2 of Title 18 of the United States Code; (8) false statement during the purchase of a firearm on or about October 30, 2014 in violation of Section 924(a)(1)(A) of Title 18 of the United States Code; (9) false statement during the purchase of a firearm on or about November 15, 2014; (10) false statement during the purchase of a firearm on or about August 23, 2016; and (11) false statement during the purchase of a firearm on or about August 7, 2018 (the "Superseding Indictment").  (Dkt. No. 21)  The Superseding Indictment also contains forfeiture allegations as to: (1) the property located at 9070 Michael Douglas Drive, Clarence, New York and 2130 Kensington Avenue, Amherst, New York; (2) U.S. currency in the sums of $103,360 and $100,000; (3) ammunition; and (4) numerous firearms, including five pistols, six rifles, and three shotguns.  (*Id.*)

Gerace filed omnibus discovery requests and a motion to suppress evidence.[1] (Dkt. No. 14)  Specifically, he moved to suppress evidence recovered during the execution of a search warrant on January 28, 2019 at 9070 Michael Douglas Drive,

---

[1] The original indictment in this case was filed on May 2, 2019.  (Dkt. No. 1)  Gerace filed the instant pretrial motions on August 12, 2019, before the filing of the Superseding Indictment on October 24, 2019 (Dkt. Nos. 14, 21)  Gerace was arraigned on the Superseding Indictment on October 25, 2019 and given until December 6, 2019 to file any supplemental motions.  (Dkt. Nos. 23-24)  Gerace did not file any additional motions.

Clarence Center, New York ("9070 Michael Douglas").[2]    Gerace also requested production of any statements he made to law enforcement, which the Government intends to use against him, as well as leave to request a hearing as to the admissibility of those statements.  (Dkt. No. 14, pg. 23)  The Government filed responses and moved for reciprocal discovery.  (Dkt. No. 17)  The Government indicated that it previously provided Gerace with copies of statements he made to Homeland Security Investigation Special Agents during the initial entry and search of 9070 Michael Douglas on January 28, 2019, as well as with spontaneous statements he made that same day, after *Miranda* warnings were provided.  (Dkt. No. 17, pg. 2)

The Court heard oral argument on January 28, 2020.  (Dkt. No. 34)  At that time, the Government indicated that it was working with defense counsel to provide Gerace with a redacted version of the sealed affidavit submitted in support of the search warrant application for 9070 Michael Douglas.[3]    Defense counsel acknowledged that it had received Gerace's statements from January 28, 2019, and that defendant was moving to suppress them on the basis that they were involuntary and violated his right to counsel. The Court informed defense counsel that in order to persist in his motion to suppress statements and request for a hearing, Gerace was required to submit an affidavit setting

---

[2] Gerace submitted an affidavit in support of his standing to contest the search at 9070 Michael Douglas. (Dkt. No. 14-1)  Therein, Gerace asserts that he and Lauren Seitz, the mother of his child, own the residence and that he had a reasonable expectation of privacy there.  (*Id.*)

[3] The Government also represented, during oral argument, that it had recovered two cellular telephones during the search of 9070 Michael Douglas and that it secured federal search warrants for the contents of both phones.  It was determined that one phone belonged to Lauren Seitz and was of "little evidentiary value."  The other phone, which is believed to belong to defendant, is password-protected and the Government has been able to retrieve its contents.  The Government indicated that it would continue its attempts to unlock the phone and that any relevant results would be provided to defendant.  Since the parties have not submitted any additional information to the Court on this issue, and because Gerace did not specifically move to suppress the data recovered from the phones, the Court considers the issue to be moot at this time.

forth specific facts supporting those arguments. Oral argument was scheduled to continue on March 30, 2020, and the Court emphasized that Gerace's affidavit in support of his motion to suppress statements was to be filed before that date. As a result of the national emergency due to the COVID-19 pandemic, the oral argument was later rescheduled for June 1, 2020. (Dkt. No. 40) On June 1, 2020, defense counsel filed a motion requesting the argument be adjourned and the matter submitted on the papers. The Court granted the motion and considered the matter submitted that same day. (Dkt. No. 42) Notably, Gerace never filed an affidavit in support of his motion to suppress statements.

## DISCUSSION

The Court will first address Gerace's motions to suppress physical evidence and statements before turning to his non-dispositive omnibus discovery requests and the Government's request for reciprocal discovery.

### Gerace's Motion to Suppress Physical Evidence

On January 18, 2019, this Court issued a warrant authorizing the search of 9070 Michael Douglas. (*See* 1:19-mj-05002, Dkt. No. 1) The application for the warrant was supported by an affidavit from Homeland Security Investigations Special Agent Curtis E. Ryan. (*Id.*) Law enforcement executed the warrant on January 28, 2019. (Dkt. No. 1, ¶25) They recovered numerous pounds of marijuana, THC oils, edible marijuana gummies, fourteen firearms, hundreds of rounds of ammunition, $103,360 in U.S. currency, and evidence of sports gambling. (*Id.*) A criminal complaint and arrest warrant were issued by this Court on January 28, 2019, after the completion of the search, and Gerace was arrested that same day. (Dkt. Nos. 1, 3) Gerace now moves to suppress

4

any evidence obtained from his residence or person on January 28, 2019.  (Dkt. No. 14, pgs. 21-22)  He also requests a hearing "to resolve any factual disputes regarding the search and seizure."  (*Id.*)

A defendant must make a preliminary showing that he is entitled to the relief sought.  *United States v. Sacco*, 563 F.2d 552, 558 (2d Cir. 1997).  Further, an evidentiary hearing on a motion to suppress is required only where "the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question."  *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1997).  Here, the only argument Gerace puts forth in support of his motion to suppress evidence recovered at 9070 Michael Douglas on January 28, 2019 is that the search warrant was "based on insufficient grounds" and "did not satisfy probable cause."  He provides no factual details to support these claims.[4]  Likewise, Gerace submits no facts or legal argument as to why the search of his person was unlawful, and there is no evidence in the record to indicate that any search of defendant on January 28, 2019 was not incident to his lawful arrest.  Thus, Gerace fails to raise any contested issues of fact as to the validity of either the warrant or the search.  *See Franks v. Delaware*, 438 U.S. 154 (1978) (The challenger's allegations may not be merely conclusory, they must be supported by "affidavits or sworn or otherwise reliable statements of witnesses."); *United States v. Westover*, 812 F. Supp. 38, 40 (D. Vt. Dec.

---

[4] The Court acknowledges that the warrant affidavit is filed under seal and that a copy was not initially provided to defendant.  However, as described herein, during oral argument on January 28, 2020, the Government indicated that it would provide a redacted version of the affidavit to defense counsel.  The Court has received no information that this did not occur.  The Government also notated, on the record and for the benefit of defendant, at least 13 paragraphs of the affidavit filed in support of the criminal complaint which overlap with paragraphs in the search warrant affidavit.  Thus, it cannot be said that Gerace was unable to make a more specific challenge to the warrant affidavit because he was unaware of any of the facts contained therein.

31, 1992) ("To mandate an evidentiary hearing [on a search warrant], the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-exam…[t]here must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof."); *United States v. Echeverri*, 91-CR-885, 1992 U.S. Dist. LEXIS 22488 (EDNY Mar. 31, 1992) (merits of the motion to suppress physical evidence seized from defendant at the time of his arrest need not be addressed since defendant failed to submit an affidavit based on personal knowledge); *United States v. Frutcher*, 104 F. Supp. 2d 289 (SDNY 2000) ("A motion to suppress does not require a hearing unless there is a factual dispute.").

The Court further finds, contrary to Gerace's lone argument, that the warrant here was not issued on insufficient grounds.   A search warrant issued by an impartial magistrate is presumptively valid.  *United States v. Smith*, 9 F.3d 1007, 1012 (2d Cir. 1993).  The only relevant inquiry is "whether the issuing judicial officer had a substantial basis for the finding of probable cause."  *United States v. Wagner*, 989 F.2d 69, 72 (2d Cir. 1993).  Doubts regarding the existence of probable cause should be resolved in favor of upholding the search warrant.  *United States v. Travisano*, 724 F.2d 341, 345 (2d Cir. 1983); *Illinois v. Gates*, 462 U.S. 213, 236 (1983) (deference is to be given to the issuing magistrate).  The Court has again reviewed the affidavit of Agent Ryan and affirms its previous finding that the affidavit contained ample probable cause to issue a warrant for the search of 9070 Michael Douglas.

Lastly, the Court finds that even if the warrant lacked sufficient probable cause, the good faith exception to the exclusionary rule would prevent suppression here.  In *United*

*States v. Leon*, the Supreme Court held that the exclusionary rule does not apply where "an officer acting with an objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope." 468 U.S. 897, 918-21 (1984). The good faith exception does not apply where: (1) the issuing magistrate was knowingly misled; (2) the issuing magistrate knowingly abandoned their judicial role; (3) the application is so lacking in indicia of probable cause as to render reliance upon it unreasonable; or (4) the warrant is so facially deficient that reliance upon it would be unreasonable. *Id.* at 923. Defendant fails to raise any arguments, or point to any evidence, indicating that an exception to *Leon* would apply in this case.

For all of these reasons, the Court recommends that Gerace's motion to suppress physical evidence recovered on January 28, 2019 be denied.

### Gerace's Motion to Suppress Statements

During oral argument, defense counsel argued that the statements made by Gerace to law enforcement during the search of 9070 Michael Douglas were "not knowing and voluntary" and made "after his right to counsel attached."[5] A defendant seeking a *Miranda* suppression hearing must make more than a "bald assertion" that the statements in question were involuntary. *United States v. Mathurin*, 148 F.3d 68, 69 (2d Cir. 1998). Further, "[c]ourts in this Circuit have routinely denied motions to suppress without a hearing where defendants have failed to provide affidavits alleging facts based upon personal knowledge." *United States v. Perryman*, 12-CR-0123, 2013 U.S. Dist. LEXIS

---

[5] The Government counters that Gerace's statements were spontaneous and not in response to any police interrogation. The Government submits that the statements involved include: (1) Gerace's statement directing agents to the location of a loaded firearm when law enforcement initially entered 9070 Michael Douglas to execute the search warrant; and (2) Gerace's spontaneous statements during the execution of the search, after he had been provided *Miranda* warnings and had declined questioning by the agents. (Dkt. Nos. 17, pgs. 2 and 34)

111117 (EDNY Aug. 7, 2013) (internal citations and quotations omitted) (collecting cases). Here, Gerace has failed to submit an affidavit by an individual with personal knowledge of facts to support his claims that the instant statements were involuntary. Thus, Gerace has not raised a material issue of fact that would require an evidentiary hearing as to the voluntariness of his statements. *See United States v.* Gillette, 383 F.2d 843, 848-49 (2d Cir. 1967) (a motion seeking a suppression hearing must be accompanied by an affidavit from someone having personal knowledge of the facts justifying the hearing); *United States v. Aparo*, 221 F. Supp. 2d 359, 369 (EDNY 2002) (denying a motion to suppress where the defendant had "not submitted an affidavit alleging facts which would require the suppression of statements if those facts were proved at a hearing."); *United States v. Clark*, 05 Cr. 017, 2006 U.S. Dist. LEXIS 89625 (SDNY Dec. 7, 2006) (without an affidavit from an individual with personal knowledge of the underlying facts, defendant's "bare assertions and belief" were "insufficient to create a factual dispute requiring a suppression hearing.").

Not only has Gerace failed to file an affidavit, but his conclusory argument that the statements were involuntary or violated his right to counsel, made without any additional details as to the basis for these claims, are plainly insufficient to support a request for a suppression hearing. *See Mathurin*, 148 F.3d at 71 ("A bald assertion that a statement was involuntary, for example, could be based on any number of factual premises such as coercion, lack of *Miranda* warnings, or lack of competence…[w]ithout specification of the factual basis for such a characterization, the district court is not required to have a hearing."); *United States v. Cook*, 348 F. Supp. 2d 22, 28 (SDNY 2004) (defendant's request for a suppression hearing failed on its face, where papers submitted in support

of the motion did not set forth a sufficiently specific factual basis for how the *Miranda* warnings were allegedly "improper and insufficient"); *United States v. Visciosio*, 711 F. Supp. 740, 745-46 (SDNY 1989) ("A hearing is not required if the defendant's statements are general, conclusory, or based on conjecture."); *United States v. Molina*-Rios, 15-CR-00122, 2016 U.S. Dist. LEXIS 182722, *16-17 (WDNY April 26, 2016) (recommending motion to suppress statements be denied without a hearing where no specifics were offered as to counsel's contention that defendant's statements were "involuntary" and "taken without benefit of proper *Miranda* warnings" and there was no affidavit or declaration in support of the motion from defendant).   Because Gerace does not personally allege any facts to support a claim that his constitutional rights were violated, the Court recommends that his motion to suppress statements be denied.[6]

### *Rule 16 Discovery*

Gerace moves for discovery and inspection pursuant to Federal Rule of Criminal Procedure 16.  (Dkt. No. 14, pgs. 2-10)  Rule 16(a) requires the Government to disclose certain evidence and information upon request of a defendant.   While Rule 16 was intended to provide for liberal discovery, a defendant is not entitled to discovery of "the entirety of the government's case against him."   *United States v. Percevault*, 490 F.2d 126, 130 (2d Cir. 1974).  Rule 16 provides that a defendant is entitled to the following: (1) a defendant's written, recorded or oral statements in the possession of the government;

---

[6] The Scheduling Order issued by this Court specifically provides that "[a]ny motion to suppress statements or physical evidence must initially be accompanied by an appropriate affidavit (or declaration) from an individual with personal knowledge, failing such the Court will normally recommend that the motion be denied without an evidentiary hearing."  (Dkt. Nos. 4, 24)  Federal Rule of Criminal Procedure 47(d) requires the moving party to "serve any supporting affidavit with the motion."  Here, Gerace did not file an affidavit in support of his motion to suppress statements with his initial motion.  After the January 28, 2020 oral argument, the Court provided defendant additional time to file the necessary affidavit. However, he failed to do so.  Thus, defendant's time to support his claim has expired.

(2) the defendant's prior record; (3) documents, objects, books, papers, photographs, etc. that will be used during the government's case-in-chief; (4) reports of examinations or tests; (5) and information about expert witnesses in accordance with Federal Rules of Evidence 702, 703 and 705. *See* Fed. R. Crim. P. 16(a)(1). Rule 16 specifically exempts from disclosure "reports, memorandum, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." *See* Fed. R. Crim. P. 16(a)(2).

Here, the Government responds that it has provided all discovery required by Rule 16, or has made such discovery available for inspection by defense counsel. (Dkt. No. 17, pg. 11) The Government then lists a number of specific requests made by Gerace, under the heading of Rule 16, including co-conspirator statements, witness names and statements, grand jury testimony, notice of hearsay evidence pursuant to Federal Rule of Evidence 807, and "lab bench notes". The Government submits that these requests are outside the scope of Rule 16, and the Court agrees.[7] The Government represents that no identification procedures or Title III wiretaps were utilized in this case, and that all physical evidence has been disclosed in report form and photographic form, and has been made available for inspection upon request. (*Id.* at 12-13) The Government indicates that any subpoenaed records it receives and intends to use at trial will be disclosed to defendant. (*Id.* at 13)

---

[7] Defendant's requests for co-conspirator statements, grand jury testimony, and witness names and statements are discussed separately herein. In addition, the Government represents that it will provide pretrial notice of any hearsay evidence, if applicable, upon the filing of its motions *in limine* in accordance with the District Court's pretrial order. (Dkt. No. 17, pg. 12) The Government further represents that "lab bench notes" will be provided consistent with the timing of expert disclosures as required in the District Court's pretrial order. (*Id.*)

Based upon all of the representations made by the Government in their written responses, Gerace's request for discovery pursuant to Rule 16 is denied as moot. The Government is reminded that its disclosure obligations continue up through and during trial. *See* Fed. R. Crim. P. 16(c).

### Bill of Particulars

Gerace requests a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure. (Dkt. No. 14, pg. 2) He seeks particularization as to the exact dates of each alleged offense; the conduct and/or statements which the Government contends manifest knowledge or intent; the actual amount of contraband possessed; and the manner in which the premises were drug-involved. (*Id.*)

Federal Rule of Criminal Procedure 7(f) "permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). However, "[t]he Government may not be compelled to provide a bill of particulars disclosing the manner in which it will attempt to prove the charges, the precise manner in which the defendants committed the crimes charged, or a preview of the Government's evidence or legal theories." *United States v. Rittweger*, 259 F. Supp. 2d 275, 291 (SDNY 2003). In determining whether a bill of particulars is warranted, a court is to consider "the complexity of the offense, the clarity of the indictment, and the degree of discovery otherwise afforded to defendants." *United States v. Shoher*, 555 F. Supp. 346, 349 (SDNY 1983). It is well-settled that acquisition of evidentiary detail is not the purpose of a bill of particulars.

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990). Further, a defendant is not generally entitled to receive details of the government's conspiracy allegations through a bill of particulars. *United States v. Wilson*, 493 F. Supp. 2d 364, 372 (EDNY 2006).

The charges here are neither complex nor difficult to understand. They involve a conspiracy to distribute controlled substances and the possession of various illegal narcotics with the intent to distribute them. The Superseding Indictment provides either a specific date or a specific range of dates as to each of these allegations, and specifies the type of controlled substances involved in each charge. Gerace is also charged with maintaining two drug-involved premises. The Superseding Indictment specifies the address of the premises involved, the dates those premises were used, and the type of narcotics manufactured or distributed at each location. As to the firearms charges, the Superseding Indictment provides the exact dates on which Gerace is accused of making a false statement during the purchase of a firearm, as well as the nature of the false statement on each occasion. The forfeiture allegations in the Superseding Indictment describe the specific firearms involved. The criminal complaint filed in this matter provides additional evidentiary details, and the Government represents that it has provided a significant amount of Rule 16 discovery. Indeed, the discovery provided includes law enforcement documents; defendant's statements to law enforcement; reports of evidence seized upon execution of the search warrants; photographs; lab reports; utility information and other items. (Dkt. No. 17, pg. 5)

Considering the allegations in the Superseding Indictment in conjunction with the criminal complaint and the materials produced in discovery, the Court finds that Gerace has been provided with sufficient information to inform him of the charges against him,

prepare a defense, avoid surprise at trial, and ensure against double jeopardy.  The additional details sought by defendant amount to an attempt to use a bill of particulars as a discovery device.  *See e.g., United States v. Biaggi*, 675 F. Supp. 790, 809 (SDNY 1987) (defendants request for "each alleged date, time, person present, place, nature of conversation [and] amount" is an "impermissible attempt to compel the Government to provide evidentiary details of its case."); *Torres*, 901 F.2d at 234 (finding that the district court acted well within its discretion denying defendant's request for a bill of particulars specifying when he joined the conspiracy, the identity of unindicted co-conspirators, and the precise dates and locations he was alleged to have transported heroin).  For these reasons, Gerace's request for a bill of particulars is denied.

### Expert Witnesses

Gerace requests a list of expert witnesses, the substance of their reports, and written summaries of their anticipated testimony.  (Dkt. No. 14, pg. 12)  The Government responds that, in accordance with the District Court's pretrial order, it will timely disclose an expert witness list with a summary of the witness's anticipated testimony.  (Dkt. No. 17, pg. 5)  In light of these representations, Gerace's motion with respect to expert testimony is denied as moot with the caveat that the Government is expected to comply with all requirements in Rule 16, Federal Rules of Evidence 702, 703, and 705, and Judge Sinatra's pretrial order as they apply to expert testimony.

### Witness List and Jencks Material

Gerace requests disclosure of witness names.  (Dkt. No. 14, pgs. 11)  Gerace also requests disclosure of witness statements no less than forty-eight hours prior to the start of the trial.  (*Id.* at pgs. 19-21)

The Government has no general duty to disclose the identities of its witnesses before trial. *United States v. Bejasa*, 904 F.2d 137, 139 (2d Cir. 1990). Section 3500 of Title 18 of the United States Code requires that the government, on motion of defendant, disclose a government witness's prior statements that are in the government's possession and relate to the subject matter of the witness's direct testimony ("3500 material"). *See also Jencks v. United States*, 353 U.S. 657 (1957); Fed. R. Crim. P. 26.2 (procedure for producing a witness statement). A witness statement is defined as: (1) a written statement by a witness that is signed or otherwise adopted or approved by the witness; (2) a substantially verbatim recording or transcription of a witness's oral statement; or (3) any statement however taken or recorded made by the witness to the grand jury. 18 U.S.C. 3500(e). Statements are not required to be produced, by law, until after the witness has testified on direct examination, and the Court cannot mandate that they be produced sooner. *See* 18 U.S.C. §3500(a); Fed. R. Crim. P 26.2(a).

The Government indicates that it will disclose all 3500 material prior to the trial, in accordance with its typical practice and at a time set by the District Court in accordance with its usual practice. (Dkt. No. 17, pgs. 18-19) In light of these representations, Gerace's request for early disclosure of witness names and statements is denied as moot.[8]

---

[8] To the extent defendant is requesting statements of non-testifying witnesses, his motion is denied. There is no obligation that the Government produce the statements of individuals who are not testifying at trial. *United States v. Rigas*, 583 F.3d 108, 125-26 (2d Cir. 2009). However, in the event a non-testifying witness's statement contains exculpatory information or information that would impeach the credibility of a Government witness, that material is subject to disclosure pursuant to *Brady v. Maryland*, 373 U.S. 83, 87 (1963) and *Giglio v. United States*, 405 U.S. 150, 154-55 (1972).

_Brady/Giglio Material_

Gerace moves for the disclosure of any favorable, exculpatory or impeachment materials pursuant to _Brady_, _Giglio_ and their progeny.  (Dkt. 14, pgs. 12-19)

The Government has an obligation to disclose exculpatory material, or material favorable to an accused as to either guilt or punishment, even when no affirmative request has been made.  _Brady v. Maryland_, 373 U.S. 83, 87 (1963).  Material "favorable to an accused" includes not only evidence that affirmatively tends to exculpate the defendant, but also information that impeaches the credibility of Government witnesses.  _See Giglio v. United States_, 405 U.S. 150, 154-55 (1972).  The test for materiality is whether "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."  _United States v. Bagley_, 473 U.S. 667, 682 (1985).  Evidence may be material for _Brady_ purposes even if it is not admissible, as long as it could lead to the discovery of admissible evidence.  _United States v. Gill_, 297 F.3d 93, 104 (2d Cir. 2002).  "[A]s a general rule, Brady and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant."  _United States v. Coppa_, 267 F.3d 132, 146 (2d Cir. 2001).  "[A]s long as a defendant possesses Brady evidence in time for its effective use, the government has not deprived the defendant of due process of law simply because it did not produce the evidence sooner."  _Id._ at 144.

Here, the Government responds that it is unaware of any _Brady_ material with respect to Gerace and that it will disclose all _Giglio_ material, if applicable, in a reasonable amount of time for defendant to utilize the information at trial.[9]  (Dkt. No. 17, pgs. 17)  The

---

[9] The Government acknowledges that this disclosure is typically made before trial, when _Jencks_ materials are disclosed in accordance with the District Court's pretrial order.  (Dkt. No. 17, pg. 17)

Government also indicates that it is aware of its obligations and responsibilities under *Brady* and acknowledges its continuing duty under *Brady* to produce such material, if and when it is made aware of it. Given the Government's representations and for the reasons just stated, Gerace's motion to compel the production of *Brady*/*Giglio* material is denied as moot. The Government is reminded of its continuing *Brady* obligations and, consistent with *Coppa*, the Government shall timely disclose any *Brady* and *Giglio* material to defendant. *See United States v. Padovani*, 14-CR-00224, 2016 WL 5402696, at *4 (W.D.N.Y. Sept. 28, 2016).

### Rule 404(b) and Impeachment Evidence

Gerace moves for disclosure of any evidence of prior crimes or bad acts the Government intends to introduce at trial pursuant to Federal Rule of Evidence 404(b). (Dkt. No. 14, pg. 11) Gerace also moves for pretrial disclosure of impeachment evidence pursuant to Federal Rules of Evidence 608 and 609. (*Id.*) The Government states that it will disclose any evidence in its possession which might fall under the ambits of Rules 404(b), 608, and 609 when ordered to do so by the District Court. The Government is required to provide "reasonable notice in advance of trial" of the general nature of prior uncharged crimes or bad acts it intends to introduce against a defendant. *See* Fed. R. Evid. 404(b). Based upon the Government's representation that it will disclose Rule 404(b) evidence and impeachment evidence when so required by the District Court, Gerace's motion is denied as moot. The issue of admissibility of evidence pursuant to Federal Rules of Evidence 404(b), 608 and 609 is left to the determination of Judge Sinatra at the time of trial.

_Disclosure of Informant Identities_

Gerace move for disclosure of informant identities so that he may attempt to interview them and ascertain their "allegations and biases." (Dkt. No. 14, pg. 21) The Government objects to this request. (Dkt. No. 17, pgs. 19-21)

The Government has a qualified privilege to withhold information concerning the names of confidential informants that it does not intend to call as witnesses. _See Rovario v. United States_, 353 U.S. 53, 60-62 (1957) (the purpose of the privilege is to encourage citizens to report criminal activity). The informant's privilege must give way, however, if disclosure is essential to a defense or the fair determination of the case. _United States v. Lilla_, 699 F.2d 99, 105 (2d Cir. 1983). To that end, a defendant seeking the identity of a confidential informant must make some evidentiary showing as to why disclosure is significant to determining defendant's guilt or innocence. _See United States v. Jimenez_, 789 F.2d 167, 170 (2d Cir. 1986) (explaining that defendants face a "heavy burden" of establishing that disclosure is essential to the defense); _Lilla_, 699 F.2d at 105 ("this requires some demonstration that in the absence of such disclosure the defendant will be denied a fair trial"); _United States v. Valenzuela-Bernal_, 458 U.S. 858, 871 (1982) (defendant need not show that the informant's testimony would actually be helpful to the defense, but instead "the events to which a witness might testify, and the relevance of those events to the crime charged").

Gerace has not provided any specific reasons as to why informant identities are material or necessary to his defense. He does not offer examples of specific testimony these informants might provide. Instead, he seeks to generally "interview and investigate" them. This is insufficient to meet the burden. If and when the informants are to be called

as witnesses at trial, defendant will have access to their identities as well as all relevant impeachment material, prior statements and notes of their interviews.  In addition, if the informants reveal exculpatory information at any time, the Government has an ongoing duty to disclose this information in time for its effective use at trial.  Thus, Gerace's motion for disclosure of informant identities is denied.

### Grand Jury Testimony

Gerace moves for disclosure of the transcripts of any grand jury testimony given by any uncharged defendants or co-conspirators in this case.  (Dkt. No. 14, pg. 3)  The Government objects to this request.  (Dkt. No. 17, pgs. 11-12)

The Government is obligated to disclose any grand jury testimony that constitutes 3500, *Brady* or *Giglio* material.  Notwithstanding this material, a defendant is not entitled to inspect grand jury minutes and evidence without producing "concrete allegations of government misconduct."  *United States v. Leung*, 40 F.3d 577, 582 (2d Cir. 1994). Gerace has not made any such allegations here.  *See United States v. Ulbricht*, 858 F.3d 71, 106-107 (2d Cir. 2017) (to be entitled to disclosure of grand jury proceedings, a defendant must show a particularized need that outweighs the strong government and public policy interests in the secrecy of grand jury proceedings); *United States v. Ayeki*, 289 F. Supp. 2d 183, 186 (D. Conn. 2003) ("grand jury proceedings carry a presumption of regularity, and a review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct.")  Therefore, to the extent that Gerace requests grand jury material that is not also 3500, *Brady* or *Giglio* material, the request is denied.

### *Co-Conspirator Statements and Rule 104 Hearing*

Gerace requests the production of any unindicted co-conspirator statements the Government intends to introduce at trial pursuant to Federal Rule of Evidence 801(d)(2)(E), as well as a hearing as to the admissibility of any such statements.  (Dkt. No. 14, pg. 12)  The Government counters that defendant is not entitled to pre-trial notice of co-conspirator statements.  (Dkt. No. 17, pgs. 15-16)

Rule 16 does not provide for the disclosure of co-conspirator statements.  To the extent that the statements in question constitute 3500, *Giglio* or *Brady* material, those statements will be disclosed in accordance with the procedures discussed above. Otherwise, Federal Rule of Evidence 801(d)(2)(E) does not contain a requirement as to pretrial notice of statements.  Further, the admissibility of any co-conspirator statements is best addressed by the trial court.  *See United States v. Anguiera*, 11-CR-116; 2012 U.S. Dist. LEXIS 51862 (WDNY April 12, 2012) ("[T]he relief sought for excluding non-testifying co-conspirator statements…[i]s better considered by the District Judge prior to trial and deferred for that consideration.")  Therefore, Gerace's request is denied without prejudice to renew his motion before Judge Sinatra at the time of trial.

### *Leave to Make Further Motions*

Gerace also moves to reserve the right to make further motions as necessary. (Dkt. No. 14, pg. 23)  To the extent that defendant intends to bring motions based upon new information or evidence that has not yet been disclosed, his request for leave to file additional motions is granted.  To the extent that defendant intends to bring motions concerning issues that could have been raised prior to the previous motion deadline,

defendant's request is denied without prejudice to bring the motion upon a showing of good cause for the untimely filing.

### *Reciprocal Discovery*

The Government moves for reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure including the opportunity to inspect, copy or photograph books, papers, documents, photographs, tangible objects or copies or portions thereof which are in the possession, custody or control of the defendant and which the defendant intends to introduce as evidence at trial, the results or reports of any physical or mental examinations or scientific tests or experiments made in connection with the case, and a written summary of any expert witness testimony.  (Dkt. No. 17, pgs. 26-27)  The Government also requests advance disclosure of any statements Gerace intends to utilize at trial pursuant to Federal Rule of Evidence 807.  (*Id.*)  The Government's motion for reciprocal discovery is granted, and Gerace is reminded that his disclosure obligations continue up through and during trial.  *See* Fed. R. Crim. P. 16(c).

## CONCLUSION

For the foregoing reasons, it is recommended that defendant Anthony Gerace's motions to suppress evidence and statements be denied (Dkt. No. 14).  It is ordered that Gerace's omnibus discovery demands are decided in the manner detailed above and that the Government's request for reciprocal discovery is granted.  (Dkt. Nos. 14 and 17)

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ordered that this Report, Recommendation and Order be filed with the Clerk of Court.

Unless otherwise ordered by Judge Sinatra, any objections to the recommendation portion of this Report, Recommendation and Order must be filed with the Clerk of Court

within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 59(b), 45(a), and 45(c) of the Federal Rules of Criminal Procedure, and Local Rule of Criminal Procedure 59.  Any requests for an extension of this deadline must be made to Judge Sinatra.

**Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report, Recommendation and Order WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**  *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *Pursuant to Local Rule of Criminal Procedure 59(c)(2), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."*  **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**

**SO ORDERED**.


Dated:  June 26, 2020
         Buffalo, New York



/s/ Michael J. Roemer
MICHAEL J. ROEMER
United States Magistrate Judge